George MILLER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2008–CA–001443–MR.

Court of Appeals of Kentucky.

Feb. 12, 2010.

Discretionary Review Denied by Supreme Court Oct. 13, 2010.

Thomas M. Ransdell, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Michael L. Harned, Assistant Attorney General, Frankfort, KY, for appellee.

Before NICKELL and VANMETER, Judges; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge.

This appeal follows Appellant's conditional guilty plea to possession of a controlled substance in the first degree and to being a persistent felony offender in the second degree. Prior to his plea of guilty, Appellant reserved the right to appeal from the trial court's denial of his motion to suppress evidence.

Appellant and his cousin, Timothy Miller, were involved in a minor automobile accident on New Circle Road in Lexington. The accident occurred in the vicinity of a

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

traffic signal with Appellant, the driver, striking the rear of another vehicle. Following the accident, Appellant and his cousin and the other driver exited their vehicles, and it was determined that no one was injured. While the parties conferred, Lexington Fayette Urban County Government police officer Noel arrived on the scene.

What transpired after the police officer's arrival is somewhat in dispute. At the suppression hearing, both Appellant and Officer Noel testified. Officer Noel testified that in the vicinity of Appellant's vehicle, which had one of its doors open, he smelled the odor of marijuana. He also stated that Appellant's cousin, Timothy, became emotional and said he thought there was an outstanding warrant for him. In response to questioning by Noel, both subjects stated that they had smoked marijuana earlier in the day, a statement Appellant denied in his suppression hearing testimony. Officer Noel then placed Appellant and his cousin in handcuffs and directed them to sit on the curb. Soon another police officer, Sergeant Bacon, arrived.

Appellant's version of the events concerns actions taken by Officer Noel which led to discovery of crack cocaine on Appellant's person. According to Appellant, Officer Noel stopped searching the vehicle and started tugging on Appellant's pants. Appellant disputed any need for the officer to touch his pants since he was seated and his pants did not need adjustment. The officer's version is that Appellant asked permission to stand up and to pull up Appellant's pants, and that this resulted in discovery of a plastic baggie hanging out of the corner of the pocket of Appellant's sweatpants. The officer suspected that the baggie contained crack cocaine. Appellant was arrested and given Miranda warnings. The search of Appellant's vehicle yielded a minor quantity of marijuana seeds and stems.

The trial court conducted a suppression hearing. In its oral findings, the trial court disclosed its view of the evidence. The court did not believe that Officer Noel would interrupt a vehicle search where the odor of marijuana was present without some prompting from Appellant. The court expressed uncertainty whether Appellant asked for permission to pull up his own pants or whether Appellant asked Officer Noel to do it for him but concluded in any event that Officer Noel's actions were prompted in some manner by Appellant. The trial court further found that Officer Noel's initial approach to the accident scene was valid; that his search of the vehicle based on the odor of marijuana was valid; and that his placing Appellant and his cousin in handcuffs was proper for officer safety. The court concluded as follows:

> The only question here is what, is what prompted officer Mil—officer Noel to go back to Mr. Miller. And again, the court doesn't believe it's reasonable that he just did that on his own in the middle of a search of a vehicle. So, something Mr. Miller did or said prompted him to do that, and it was his testimony that it was the question about pulling up the pants. Whether he asked to do it himself or asked officer Noel to do it himself, to do it for him. I think is irrelevant. Something the defendant did prompted Officer Noel to go back there, and it was that piece of evidence that, in the course of pulling up the pants that Officer Noel found the, the crack cocaine. So based on all of that, and the totality of the circumstances, the court's going to overrule this motion to suppress.

It is a familiar rule that on a motion to suppress evidence, the trial court's

findings of fact are reviewed under a deferential standard. Kentucky Rules of Criminal Procedure (RCr) 9.78 provides that "If supported by substantial evidence, the factual findings of the trial court shall be conclusive." It is equally well settled, however, that upon appellate review, the trial court's conclusions of law are subject to a *de novo* standard of review. *Welch v. Commonwealth*, 149 S.W.3d 407 (Ky.2004); *Commonwealth v. Neal*, 84 S.W.3d 920 (Ky.App.2002). With respect to the trial court's fact-finding as outlined above, we will not linger. The court heard the testimony of Appellant and of Officer Noel. Either party would have been at liberty to call other possible witnesses. The parties' differing versions of the events centered around the adjustment of Appellant's pants. The trial court believed that Appellant did or said something to prompt Officer Noel to pull up Appellant's pants and thus reveal the crack cocaine. As this factual determination is supported by substantial evidence, it is conclusive.

 Appellant argues that by virtue of being handcuffed prior to discovery of the crack cocaine, he was unlawfully and without justification arrested or seized within the meaning of the Fourth Amendment. For this proposition, he cites various decisions including *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), and the · redoubtable *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Appellant relies on the *Terry* test that a seizure occurs when "a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." Appellant makes his case as follows:

In a humiliating spectacle, he was forced to sit on the curb on a busy portion of New Circle Road with his hands cuffed behind his back. He was not even able to stand up and pull up his own pants; he apparently had to ask Officer Noel for permission to do that. This was the type of intrusion into personal liberty that would "swallow" the Fourth Amendment if it could be accomplished with anything less than probable cause.

As we understand Appellant's argument, he was unlawfully arrested or seized by means of the handcuffs and the seizure required him to seek Officer Noel's assistance in adjusting his pants, resulting in discovery of the crack cocaine. Appellant acknowledges, however, that the police are permitted to temporarily detain a suspect based on reasonable suspicion but reminds us that the seizure cannot continue for an excessive period of time or resemble a traditional arrest without probable cause.

Officer Noel's justification for handcuffing Appellant was as follows:

At that point, I'd been by myself, we were on a heavily traveled road, based on the emotion of the one subject, possible marijuana in the vehicle, I didn't want to be sticking my head in a vehicle with two subjects out there on New Circle Road by myself.

Contrary to Appellant's contention, we do not believe this justification is "specious." This Court's decision in *Poe v. Commonwealth*, 201 S.W.3d 37 (Ky.App. 2006), is instructive although the factual circumstances are notably different. After being called to a residence in response to a domestic violence event, the officers handcuffed and placed the uncooperative defendant in a police cruiser. The defendant was intoxicated, belligerent and threatening. On appeal, the defendant claimed that the officers employed more force than was reasonably necessary to investigate the incident, thus changing the detention of Poe from an investigatory stop to an

arrest. For its analysis of the case, the *Poe* court first determined that the police were on the premises for a legitimate purpose. The Court next determined that upon arrival, the officers had a duty to use all reasonable means to prevent other domestic violence and that they had a duty to remain as long as they suspected further danger to the physical safety of persons present. Summarizing its view, the court said:

> It is important that a police officer be able to contain potentially dangerous situations in a short period of time, using the least intrusive means to verify or to dispel their suspicions. At the point when Poe was handcuffed and placed in the police cruiser, the officers had been unable to get the whole story as to the events that led up to their visit to the Poes' residence that evening. The restraint used by the officers was no more than that necessary to protect the safety of Poe, others, and themselves, while attempting to obtain the necessary information.

*Id.* at 42 (citation omitted).

To be sure, there are differences between the *Poe* case and the case at bar. However, in this case, there is a suggestion that Appellant's cousin was agitated, but otherwise there was no particular evidence of unruly behavior. On the other hand, this encounter was between a single police officer and two citizens on a busy highway where there had been a traffic accident, where the presence of marijuana was suspected, and where a vehicle search was intended. This circumstance was sufficient to authorize reasonable means to prevent flight, assault, injury or other untoward conduct. The Supreme Court of Kentucky has recently recognized that cases involving illegal drugs bring "into play the indisputable nexus between drugs and guns" and "creates a reasonable suspicion of danger to the officer." *Owens v. Commonwealth*, 291 S.W.3d 704, 710 (Ky.

2009) (internal quotation marks omitted). *Terry v. Ohio* recognized that police officers are not required to take unnecessary risks in the performance of their duties. The *Poe* court concluded that

> Pursuant to *United States v. Hensley* [469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985) ], a police officer may conduct an investigatory stop if he has a particularized and objective basis for suspecting the particular individual being stopped is, or is about to be, engaged in criminal activity or is wanted for past criminal conduct. In considering whether a reasonable suspicion exists, the totality of the circumstances must be taken into account.

*Poe*, 201 S.W.3d at 43 (citations omitted).

In our view, the "totality of the circumstances," based on the facts found by the trial court at the suppression hearing, was sufficient to justify handcuffing Appellant and his cousin. We note from *Houston v. Clark County Sheriff Deputy John Does 1–5*, 174 F.3d 809, 815 (6th Cir.1999), that the United States Court of Appeals for the Sixth Circuit has held "[n]or does the use of handcuffs exceed the bounds of a *Terry* stop, so long as the circumstances warrant that precaution." Under the circumstances that prevailed on the side of New Circle Road, the manner of detention, although undoubtedly intrusive, was not unreasonable and did not constitute a seizure or arrest under the Fourth Amendment.

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.